**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10280 |
| Plaintiff - Appellee, | DC No. 3:09-cr-00786-JSW-1 |
| v. | |
| JOHNNY M. WILLIAMS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted July 20, 2011[**]
San Francisco, California

Before:   HUG and RAWLINSON, Circuit Judges, and RAKOFF, Senior
District Judge.[***]

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]   The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

On March 11, 2010, a jury convicted defendant-appellant Johnny M. Williams ("Williams") of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court (White, J.) imposed a sentence of 120 months' imprisonment. Williams now appeals his conviction, contending that the district court erred by: (1) failing to sua sponte instruct the jury on the defense of justification; (2) repeating the Ninth Circuit's model jury instructions in response to jury questions; (3) instructing the jury that Williams was impeachable with a prior felony conviction; (4) maintaining the jury as constituted following the Government's errant use of an alternate peremptory strike against a seated juror; and (5) allegedly violating the provisions of the Speedy Trial Act. We affirm the district court in all respects.

Taking these issues in turn, the Court first considers Williams's argument that the district court erred by failing to sua sponte instruct the jury on a justification defense after his trial counsel affirmatively disavowed any intention to rely upon such a defense before the trial began. Where a defendant fails to properly object to a jury instruction or to an omission from a jury instruction, this Court reviews for plain error. United States v. Fuchs, 218 F.3d 957, 961 (9th Cir. 2000). "A trial court commits plain error when (1) there is error, (2) that is plain, and (3) the error affects substantial rights." Id. at 962. If a defendant "actually

2

presents and relies upon a theory of defense at trial," the trial court "must instruct the jury on that theory," even in the absence of a request by the defendant, if there is a foundation for the defense in the evidence and the law. United States v. Bear, 439 F.3d 565, 568 (9th Cir. 2006). However, no error occurs if the defendant did not actually rely on the defense, even if the defense could have been raised. United States v. Span, 970 F.2d 573, 578 (9th Cir. 1992). In this case, Williams's counsel affirmatively disavowed any intention to present a justification defense, never suggested that Williams was justified in possessing the gun, and attempted instead to negate the possession element of the crime. The district court did not err, much less plainly err, in declining to sua sponte instruct the jury on a justification defense under these circumstances.

Second, the "trial judge, as 'governor of the trial,' enjoys 'wide discretion in the matter of charging the jury.'" Arizona v. Johnson, 351 F.3d 988, 994 (9th Cir. 2003) (citations omitted). Moreover, "[b]ecause the jury may not enlist the court as its partner in the factfinding process, the trial judge must proceed circumspectly in responding to inquiries from the jury." Id. In this case, because the terms "possession" and "knowingly" are clearly defined in the Ninth Circuit's model jury instructions, the district court did not abuse its discretion by repeating those instructions in response to jury questions concerning the meaning of those terms.

3

Third, the district court did not abuse its discretion by instructing the jury that Williams's 2007 felony conviction could be considered for the purposes of impeachment. Federal Rule of Evidence 609(a) provides, in pertinent part, that evidence of prior convictions is admissible for attacking the credibility of a witness if the crime "was [a felony], and the court determines the probative value of admitting this evidence outweighs its prejudicial effect to the defendant." United States v. Alexander, 48 F.3d 1477, 1488 (9th Cir. 1995). This Court has outlined five factors that should be considered in balancing the probative value of a prior conviction against its prejudicial impact under Fed. R. Evid. R. 609. Id. Although "a trial court need not analyze each of the five factors explicitly, the record should reveal, at a minimum, that the trial judge was aware of the requirements of Rule 609(a)(1)." United States v. Martinez-Martinez, 369 F.3d 1076, 1088 (9th Cir. 2004) (interal quotation marks omitted). In this case, the district court stated on the record that it had reviewed the factors set forth in Alexander. Moreover, we agree with the district court that a consideration of the pertinent factors weighed in favor of admitting the conviction in this case. Finally, because a 1990 amendment to Rule 609(a) "remove[d] from the rule the limitation that the conviction may only be elicited during cross-examination," Fed. R. Evid. 609 advisory committee's note

4

(1990), it is irrelevant that the conviction came in pursuant to the parties' stipulation rather than through cross-examination.

Fourth, while Federal Rule of Criminal Procedure 24(c) "does not permit the combining of regular and alternate peremptory challenges, and we do not condone the practice, . . . it is not reversible error unless prejudice is shown." United States v. Balk, 706 F.2d 1056, 1059 (9th Cir. 1983). In this case, Williams has not shown that he suffered any prejudice as a result of the district court's decision to maintain the jury as constituted following the Government's errant use of an alternate peremptory strike against a seated juror, especially in light of the fact that the district court had allowed defense counsel to correct a similar mistake.

Finally, the "[f]ailure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under [the Speedy Trial Act]." 18 U.S.C. § 3162(a)(2). Accordingly, Williams waived his argument concerning the Speedy Trial Act by not asserting it prior to trial.

We have considered the appellant's additional arguments and conclude that they lack merit.

**AFFIRMED**.