**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

JOHNNY M. WILLIAMS,

        Defendant - Appellant.

No.  15-16143

D.C. No. 4:09-cr-00786-JSW-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted August 10, 2016
San Francisco, California

Before: GRABER and McKEOWN, Circuit Judges, and PETERSON,[**] District Judge.

On March 11, 2010, a jury found Johnny M. Williams guilty of violating 18

U.S.C. § 922(g)(1), being a Felon in Possession of a Firearm.  On June 3, 2010, the

district court sentenced Williams to a term of imprisonment of 120 months.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R.  36-3.

[**]    The Honorable Rosanna Malouf Peterson, United States District Judge for the Eastern District of Washington, sitting by designation.

Williams timely appealed his conviction and, on September 16, 2011, this court affirmed. *United States v. Williams*, 450 F. App'x 600 (9th Cir. Sept. 16, 2011). Williams now appeals the district court's order denying his motion to vacate, set aside, or correct the conviction, judgment, and sentence pursuant to 28 U.S.C. § 2255.

The district court granted a certificate of appealability as to Appellant's second claim, which alleged that trial counsel was deficient for not presenting the affirmative defense of "justification." We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2255(d). We review de novo. *See Reynoso v. Giurbino*, 462 F.3d 1099, 1108 (9th Cir. 2006).

In order to prevail on a claim of ineffective assistance of counsel, an appellant must establish both (1) that the assistance of trial counsel was constitutionally deficient, and (2) that deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id*. at 700.

Williams asserts that trial counsel was ineffective "where her failure to consider the fact that Williams' testimony could be construed as admitting constructive possession led her to reject a meritorious justification defense in favor

of an implausible lack-of-possession defense."  However, trial counsel articulated a number of strategic reasons for not asserting the affirmative defense of justification.

We conclude that the various strategic reasons for counsel's decision to forego the justification defense were reasonable.  Accordingly, trial counsel's strategic decision did not deprive Williams of the right to counsel guaranteed by the Sixth Amendment.

**AFFIRMED.**